■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOWING-TON, Appellant. — Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: After denial of his motion to suppress defendant entered a plea of guilty to a reduced charge of criminal possession of a weapon in the third degree. On appeal, he contends that the seizure of the gun was the product of an unlawful search. The essential facts are not in dispute. Following a series of armed robberies of grocery stores in the Rochester metropolitan area, a composite drawing or sketch of the perpetrator, who came to be known as the "Star Market bandit", was widely circulated. One was prominently displayed in a Wegmans' store in Fairport. On February 21, 1980 an employee observed defendant in the store and concluded that he bore a striking resemblance to the composite. That view was shared by another employee. The police were called and on responding they approached defendant as he was leaving the premises. After a series of questions related to defendant's identification and his conduct while in the store, defendant was told that he would be taken to police headquarters to answer more questions. Prior to placing him in the police vehicle, the officers searched defendant and seized a .22 caliber pistol. Initially, we note that implicit in the decision of the court on the suppression motion is the finding, amply supported in the record, that defendant was taken into custody by the police. Since the People concede that the police were without probable cause to arrest and contend that defendant was not arrested prior to the search, no effort is made to justify the search as incidental to a valid arrest (see *Chimel v California*, 395 US 752). The People also concede that when the search was made the police officers had no reason to suspect that they were in danger of physical injury. It is thus acknowledged that but for the intention of the police to place defendant in the police vehicle, the search of defendant was not justified under CPL 140.50 (subd 3). It is argued only that the search was justified under that subdivision because of a police department policy requiring that as a safety precaution all suspects about to enter a police vehicle must be subjected to a pat-down search. While we do not question the soundness of that policy as applied to one lawfully in custody, it may not be employed as justification to search a person impermissibly seized without probable cause for the purpose of transporting him to police headquarters for further interrogation (see *Dunaway v New York*, 442 US 200, 216). Consequently, the warrantless search of defendant was in violation of both State and Federal constitutional provisions, and the gun must be suppressed. (Appeal from judgment of Monroe County Court, Celli, J. — criminal possession of a weapon, third degree.) Present — Dillon, P.J., Simons, Hancock, Jr., Moule and Schnepp, JJ.